UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARBARA DYSKANT, Individually and as
Executor of the Estate of BARRY MILLER,

                Plaintiff,

vs.

UNITED STATES OF AMERICA,
SOUTHERN TIER COMMUNITY HEALTH
CENTER NETWORK, INC., d/b/a/
UNIVERSAL PRIMARY CARE, and
ANNMARIE ZIMMERMAN M.D.,

                Defendants.

**COMPLAINT**

**Civil Action No.**
6:21 cv 6479

---

Plaintiff, by her attorneys, Kammholz Rossi PLLC, as and for her complaint against defendants, states as follows:

### INTRODUCTION

1. This is an action against defendants United States of America, Southern Tier Community Health Network, Inc., d/b/a/ Universal Primary Care (hereinafter referred to as "Universal Primary Care" or "UPC") and Annmarie Zimmerman M.D., pursuant to 42 USC section 233(g)-(n), the Federal Tort Claims Act (28 USC section 2671, et seq.), and 28 USC section 1346(b)(1), for negligence and medical malpractice by Universal Primary Care, a federally supported health center, and Annmarie Zimmerman M.D., a physician employed by such health center, in connection with the treatment of plaintiff's decedent, Barry Miller, and personal injuries and wrongful death of Mr. Miller resulting therefrom.

2. Plaintiff has fully complied with the provisions of 28 USC section 2675 of the Federal Tort Claims Act. Plaintiff's completed standard form 95 with attachments thereto are attached hereto as EXHIBIT "A."

3. This suit has been timely filed in that plaintiffs timely served notice of her claim on the Department of Health and Human Services on July 28, 2020, less than two years after the accrual of the claims herein.

4. The claims herein accrued on or about September 12, 2019, when plaintiff and her decedent learned <u>for the first time</u> that: a) plaintiff's decedent had an elevated PSA level in October of 2017 which the defendants had failed to inform decedent of; and b) decedent's prostate cancer would not have grown, metastasized and become terminal had defendants informed decedent of same in October of 2017.

5. Plaintiff is now filing this complaint pursuant to 28 USC section 2675(a) within 6 months of the date that a denial of the aforesaid administrative tort claim was mailed to plaintiff's representative – June 15, 2020. A copy of such denial as attached hereto as EXHIBIT "B."

### PARTIES, JURISDICTION AND VENUE

6. At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Cattaraugus, State of New York.

7. Plaintiff's decedent, BARRY MILLER, died on July 25, 2020.

8. Letters of Administration with Limitations were issued to plaintiff with respect to the estate of decedent by the Cattaraugus County Surrogate's Court on March 1, 2021. A copy of the decree and letters of administration are attached hereto as EXHIBIT "C."

9. At all times hereinafter mentioned, defendant United States of America, through its agency, the Department of Health and Human Services, federally supported defendant Universal Primary Care, located in the City of Olean, County of Cattaraugus, New York, as well as Universal Primary Care's directors, officers, operators,

administrators, employees, agents, staff, including defendant Annmarie Zimmerman M.D.

10. As a result thereof, defendant Universal Primary Care was a Deemed Public Federal Public Health Service Employee under 42 USC 233(g)-(q) entitled to Federal Tort Claims Act malpractice coverage for which defendant United States of America is responsible.

11. At all times hereinafter mentioned, defendant Annmarie Zimmerman MD, was an employee of defendant Universal Primary Care.

12. As a result thereof, defendants United States of America and Universal Primary Care are responsible for the negligent acts and medical malpractice of defendant Zimmerman under respondeat superior.

13. At all times relevant to this complaint, defendant Universal Primary Care held itself out to the plaintiff and eligible beneficiaries to be a provider of high-quality healthcare services, with the expertise necessary to maintain the health and safety of patients and members of the public.

14. At all times relevant to this complaint, defendant Annmarie Zimmerman M.D. was a medical doctor licensed to practice medicine in the State of New York, who held herself out to the public as a skilled and competent internal medicine physician.

15. Jurisdiction is proper under 28 USC section 1346(b)(1).

16. Venue is proper under 28 USC section 1402(b) in that all or a substantial portion of the acts and omissions forming the basis of these claims occurred in the Western District of New York.

## FACTUAL ALLEGATIONS

17. The events that give rise to this lawsuit occurred during the period October 11, 2017 to October 10, 2019, during which time defendants provided medical care and treatment to plaintiff's decedent, BARRY K. MILLER.

18. On October 11, 2017 and prior thereto, defendants had been treating Mr. Miller as his primary/internal medicine physician.

19. On or about October 11, 2017, defendant Zimmerman conducted an annual physical examination of Mr. Miller, during which she ordered various lab work, including PSA levels.

20. On or about October 13, 2017, employees of defendant UPC collected blood from Mr. Miller for such lab tests.

21. Later that same day, employees of defendant UPC noted results of tests performed on such blood, including an elevated PSA reading of 9.5.

22. Such elevated PSA reading indicated that Mr. Miller had prostate cancer in October 2017.

23. Defendants NEVER advised Mr. Miller of the abnormal PSA test result.

24. In October 2017, applicable standards of care required such PSA reading of 9.5 to be worked up for prostate cancer.

25. Defendants NEVER arranged for or recommended that Mr. Miller obtain any investigation or workup of such abnormal PSA reading.

26. Mr. Miller also NEVER received the benefit of any investigation or workup of the abnormal PSA reading before he was diagnosed with terminal metastatic prostate cancer.

27. Mr. Miller attended further office visits with defendants for various conditions on or about 4/16/18, 4/18/18, 9/17/18, 3/15/19 and 4/12/19 (for an annual physical).

28. During such office visits, defendants NEVER mentioned the October 2017 elevated PSA results to Mr. Miller.

29. On August 20, 2019, Mr. Miller presented to urgent care in Rochester, NY for pain he was experiencing in his right hip following a kayaking trip.

30. X-rays on such date revealed a mass in Mr. Miller's left hip.

31. Mr. Miller never reported or had any symptoms relative to the left hip prior to August 29, 2019.

32. On or about September 3, 2019, Mr. Miller underwent a bone biopsy, which revealed cancer in his left hip.

33. On or about September 12, 2019, Mr. Miller underwent a biopsy of his prostate, which confirmed that the cancer in his hip was prostate cancer that had metastasized to Mr. Miller's bones.

34. On September 12, 2019, plaintiff and Mr. Miller were informed <u>for the first time</u> about the abnormal PSA level from October 2017.

35. Mr. Miller thereafter died from his metastatic prostate cancer.

36. Solely as a result of the defendants' failure to advise plaintiff and Mr. Miller of the October 13, 2017 abnormal PSA reading, and defendants' failure to arrange for investigation and workup of same, Mr. Miller's prostate cancer was allowed to grow, metastasize and cause Mr. Miller's wrongful death.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT (NEGLIGENCE/MEDICAL
## MALPRACTICE – PAIN AND SUFFERING):

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Defendants acted negligently and in deviation of accepted standards of medical care in the manner in which they treated Mr. Miller during the aforementioned period.

39. The actions and/or omissions of defendants that constituted negligence and deviations of accepted standards of medical care included:

    A. Failing to advise plaintiff and Mr. Miller of the elevated PSA reading of October 13, 2017, and the significance thereof;

    B. Failing to advise plaintiff and Mr. Miller of the need to study the cause of elevated PSA reading of October 13, 2017;

    C. Failing to properly and timely investigate, diagnose and treat Mr. Miller's October 13, 2017 elevated PSA reading;

    D. Failing to timely order any follow-up diagnostic studies relative to Mr. Miller's October 13, 2017 elevated PSA reading;

    E. Failing to refer Mr. Miller to a specialist for further evaluation of his October 13, 2017 elevated PSA reading;

    F. Failing to obtain informed consent from Mr. Miller; and

    G. Failing to follow defendants' own rules, regulations and protocols.

THESE ACTIONS AND OMISSIONS OF DEFENDANTS CONSTITUTED DEVIATIONS FROM ACCEPTED STANDARDS OF CARE APPLICABLE TO DEFENDANTS.

40. As a direct and proximate result of defendants' medical malpractice, plaintiff's decedent, BARRY K. MILLER, suffered severe pain and suffering, lost wages, medical expenses, lost enjoyment of life, and fear of impending death.

41. By reason of the aforesaid, plaintiff claims damages in the amount of $2,000,000.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT (NEGLIGENCE/MEDICAL MALPRACTICE – WRONGFUL DEATH):

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43. As a direct and proximate result of defendants' negligence/medical malpractice, plaintiff's decedent was caused to suffer wrongful death.

44. As a result of the decedent's wrongful death, decedent's distributees have suffered economic loss, including funeral expenses, loss of future financial support, and loss of parental guidance.

45. By reason of the foregoing, plaintiff claims damages in the amount of $2,000,000.

## CONCLUSION

WHEREFORE, plaintiff demands judgment against defendants on the first cause of action in the amount of $2,000,000, and on the second cause of action in the amount of $2,000,000, together with the costs and disbursements of this action, and such other and further relief as the court deems just and proper.

Dated: July 12, 2021
      Victor, New York

                        KAMMHOLZ ROSSI, PLLC

                        By: Bradley P. Kammholz, Esq.
                        Attorneys for Plaintiff
                        1501 State Route 96, Suite 202
                        Victor, NY 14564
                        585-678-4500

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA DYSKANT, Individually and as
Executor of the Estate of BARRY MILLER,

                Plaintiff,

vs.

UNITED STATES OF AMERICA,
SOUTHERN TIER COMMUNITY HEALTH
CENTER NETWORK, INC., d/b/a/
UNIVERSAL PRIMARY CARE, and
ANNMARIE ZIMMERMAN M.D.,

                Defendants.

**CERTIFICATE OF MERIT**

**Civil Action No.**

     I am an attorney duly licensed to practice in the State of New York and am one of the attorneys for the plaintiff in the above captioned action.

     I make this Certificate of Merit pursuant to the requirements of CPLR 3012-a.

     I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice internal medicine and oncology in this state or another state and whom I reasonably believe is knowledgeable in the relevant issues involved in this action.

     I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: July 12, 2021
       Victor, New York

                                                    BRADLEY P. KAMMHOLZ, ESQ.